IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| WILLIE JAMES BUSH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 605-035 |
| | ) | |
| JAMES E. DONALD, Commissioner; | ) | |
| HUGH SMITH, Warden; ERIC | ) | |
| HEMPHILL; SANDRA MOORE; | ) | |
| TAMEKA WADLEY, Counselor; FNU | ) | |
| COLLINS; HAROLD F. REHEIS; | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Willie James Bush, Jr., an inmate incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. In fact, Plaintiff has filed several frivolous lawsuits and appeals. See Bush v. Ray, No. 98-9010 (11th Cir. Jan. 27, 1999)(dismissing appeal as frivolous); Bush v. Fountain, No. 98-9636 (11th Cir. Sept. 13, 1999)(same); Bush v. Fountain, CV 598-044, doc. no. 6, *adopted by* doc. no. 16 (S.D. Ga. Dec. 16, 1998)(dismissing complaint as frivolous); Bush v. Ray, CV 698-030, doc. no. 15, *adopted by* doc. no. 21 (S.D. Ga. July 30, 1998)(same); Bush v. Saba, CV 196-0152-WLS, doc. no. 6 (M.D Ga. Dec. 31, 1996)(same).

In each of these cases or appeals, Plaintiff filed a complaint or appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Therefore, these previously dismissed cases and appeals qualify as strikes under §

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

2

1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of "imminent danger" at the time of filing this lawsuit. Plaintiff alleges, *inter alia,* that Defendants used excessive force against him on August 13, 2004, filed a false disciplinary report against him, unfairly placed in administrative segregation, and forced him to live in a cell that is too small and does not have a window. (Doc. no. 1, pp. 5-6, 31-32). Plaintiff also explains that he is dissatisfied with his medical care, though he does not allege that he has been denied care. (Id. at 31-32). In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

## III. CONCLUSION

Based on the foregoing, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP (doc. no. 2) be **DENIED** and that this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 16th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

3

# United States District Court
## Southern District of Georgia

WILLIE JAMES BUSH, JR. )
)
vs ) CASE NUMBER CV605-35
)
JAMES E. DONALD, et al. ) DIVISION STATESBORO
)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated _____, which is part of the official record of this case.

Date of Mailing: May 16, 2005

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Deputy Clerk

Name and Address

WILLIE JAMES BUSH, JR, AT PRISON

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate